CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 07 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:11cr023 |
| ) | |
| v. ) | |
| ) | |
| CHENG ZENG, ) | By: Michael F. Urbanski |
| ) | United States District Judge |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on the issue of restitution. Pursuant to a written plea agreement, defendant Cheng Zeng pled guilty on June 19, 2012 to one count of conspiracy to traffic in contraband cigarettes in violation of 18 U.S.C. § 2342(a) and 18 U.S.C. § 371. At the sentencing hearing held on October 19, 2012, the court determined the amount of the tax loss to the State of New York to be $1,737,360 based on the contraband cigarette transactions engaged in by defendant as reflected in the agreed upon Statement of Facts admitted into evidence at the June 19, 2012 guilty plea hearing. On October 25, 2012, the government filed a Notice of Restitution Claim by the State of New York seeking restitution from defendant for failure to pay New York's cigarette excise tax pursuant to both 18 U.S.C. §§ 3663 and 3663A. A hearing was held on the issue of restitution on January 30, 2013.

I.

As an initial matter, defendant argues that he should be entitled to restitution credit for the $74,260 seized from him on November 2, 2011 and forfeited to the United States and that any restitution order that is entered be joint and several with codefendant Mohammed Atif,

presently a fugitive. The government had no objection to defendant being credited, for restitution purposes, with the cash seized from him. The government likewise had no objection in principle to restitution being joint and several.[1]

Additionally, defendant also argued that he should get credit for any profit made by the government from the contraband cigarette sting operation. The government responded that it was not aware of any such profit made from the sting operation and that, in any event, no monies received by the government in the sting operation to date had been forwarded to the State of New York to compensate it for the tax loss involved in the contraband cigarette sales.

## II.

As to the amount of restitution, the State of New York seeks restitution under both 18 U.S.C. § 3663, the Victim and Witness Protection Act ("VWPA"), and 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act of 1996 ("MVRA").

### A.

The claim is appropriately analyzed under the MVRA. The VWPA, 18 U.S.C. § 3663, was enacted in 1982 for the purpose of granting federal courts the authority to order restitution in criminal cases, apart from probation. Section 3663(a)(1) allowed, but did not mandate, restitution for most crimes: "The court, when sentencing a defendant convicted of an offense under this title ... *may* order ... that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1) (1995) (emphasis added). In 1996, Congress enacted the MVRA, which amended §§ 3663 and 3664 and added § 3663A. The new § 3663A required restitution for an offense involving:

(i) a crime of violence, as defined in section 16;

---

[1] The court cannot order that restitution be joint and several with Mohammed Atif at this time as Atif is a fugitive and no judgment has been entered as to him.

2

 (ii) an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit; or
 (iii) an offense described in section 1365 (relating to tampering with consumer products); and
 (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

18 U.S.C. § 3663A(c)(1)(A). Thus, in contrast with the VWPA, the MVRA requires the court to order restitution with respect to certain crimes, specifically, "an offense against property under this title." 18 U.S.C. § 3663A(c)(1)(A)(ii). The government contends, and defendant did not dispute, that trafficking in contraband cigarettes is "an offense against property" under the MVRA, and, thus, restitution is mandatory. See, e.g., United States v. Conway, 323 F. App'x. 517 (9th Cir. 2009) (affirming district court's award of restitution under the MVRA for Washington State's tax losses resulting from defendants' contraband cigarette sales); United States v. Morrison, 685 F. Supp. 2d 339, 341 (E.D.N.Y. 2010) (concluding that restitution to State of New York for tax loss attributable to contraband cigarette trafficking was mandatory under MVRA).

## B.

Defendant nevertheless argues that even though restitution is mandatory under the MVRA, the court should take into account his ability to pay and financial status in determining the amount of restitution ordered. The statute itself along with the legislative history associated with the passage of the MVRA counsel against such a conclusion. In addition to mandating restitution for certain crimes, the passage of the MVRA also substantially amended § 3664, which now sets forth the "[p]rocedure for issuance and enforcement" of restitution orders pursuant to both § 3663 and § 3663A.[2] Specifically, § 3664(f)(1)(A) requires the court to order

---

[2] Congress amended § 3663 and § 3664 in the following way: First, Congress retained most of the language of the former § 3663(a), but removed from § 3663's scope a wide range of crimes now covered by § 3663A, thus making

3

"restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."

The Fourth Circuit has noted that when restitution is mandatory under the MVRA, the district court has no discretion to fix the amount of restitution based upon the defendant's economic circumstances. In United States v. Alalade, 204 F.3d 536 (4th Cir. 2000), the Fourth Circuit stated that:

> [W]ith passage of the MVRA, Congress completely deleted the language of the VWPA affording the district court discretion ... to consider any factor it deemed appropriate in determining the amount of restitution to be ordered, and replaced it with language requiring the district court to order restitution in the full amount of loss to each victim as determined by the district court.

Id. at 540 (internal citations omitted). Additionally, the court in Alalade noted that "in contrast to the VWPA [§ 3663], the MVRA [§ 3664] does not contain any language requiring the district court, in determining the total amount of restitution to be ordered, to consider the financial resources of the defendant." Id.; see also United States v. Karam, 201 F.3d 320, 329 (4th Cir. 2000) (stating that "[t]he [MVRA] substantially amended the 1992 VWPA by requiring district courts to impose 'full' restitution without considering the defendant's economic circumstances" and observing that this process is a reverse of that followed under the VWPA in which "the court must first consider the defendant's financial circumstances before setting the amount of restitution to be paid").

---

restitution mandatory for those crimes. Second, the amended § 3663 also contains a modified version of the former § 3664(a); thus § 3663(a)(1)(B) now contains the considerations that previously had been set forth in § 3664:
    (B)(i) The court, in determining whether to order restitution under this section, shall consider-
    (I) the amount of the loss sustained by each victim as a result of the offense; and
    (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
Finally, § 3663 no longer contains its own procedure for enforcement of the restitution awards; instead, 18 U.S.C. § 3663(d) provides that "[a]n order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664."

4

This interpretation is supported by the legislative history surrounding the passage of the MVRA. Indeed, Congress specifically addressed concerns surrounding the ordering of restitution as regards those defendants with no ability to pay, and so noted:

> The committee recognizes that a significant number of defendants required to pay restitution under this act will be indigent at the time of sentencing. Moreover, many of these defendants may also be sentenced to prison terms as well, making it unlikely that they will be able to make significant payments on a restitution payment schedule. At the same time, these factors do not obviate the victim's right to restitution or the need that defendants be ordered to pay restitution.
>
> For these reasons, the committee has included in its amendment provisions permitting the court to order full restitution under a schedule of nominal payments in those instances where the defendant cannot pay restitution. The committee recognizes that restitution is an integral part of the criminal sentence that must be complied with. For this reason, the defendant is also required to report material changes in his or her economic circumstances that might affect the ability to pay restitution, and the court is authorized to amend the payment requirements accordingly.

S. Rep. 104-179, at 21; see United States v. Day, 418 F.3d 746 (7th Cir. 2005). "Thus, Congress, in adopting the MVRA, believed that the law should be concerned first with the victim's right to full restitution and the defendant's concomitant recognition of the duty to pay full restitution, albeit a largely symbolic one." Id. at 758. Accordingly, under the facts of this case, the court is required to order the full amount of restitution to the State of New York in the amount of $1,737,360 without consideration of defendant's economic situation.

### C.

While, under § 3664(f)(1)(A), the court must order restitution in full without consideration of the defendant's financial circumstances, § 3664(f)(2) requires the court to consider the financial resources of the defendant with respect to the method and schedule of payments:

> (2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in

5

which, and the schedule according to which, the restitution is to be paid, in consideration of-
(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
(B) projected earnings and other income of the defendant; and
(C) any financial obligations of the defendant; including any obligations to dependents.

As reflected in the Presentence Investigation Report, defendant has no financial resources, no projected earnings or income for the foreseeable future, and a negative net worth. Defendant has been in the United States since 1994 and has principally worked as a cashier in Chinese restaurants. Between 2007 and 2009, defendant operated a restaurant in Stephens City, Virginia but sold it due to poor earnings.

The court finds from the facts of record that defendant's "economic circumstances . . . do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." 18 U.S.C. § 3664(f)(3)(B). Under these circumstances, nominal periodic payments by defendant are appropriate. The court finds that defendant has no ability to make restitution payments other than the following nominal payments: (1) during his period of incarceration, $25 per month, or 50 percent of his income, whichever is greater; and (2) beginning sixty days from his release from prison, the nominal sum of $50 per month.

### III.

Accordingly, the court orders the full amount of restitution in the amount of $1,737,360 to the State of New York. The court finds, thereafter, that defendant's economic circumstances do not allow for the payment of restitution either now or in the foreseeable future. Therefore, as set forth above, the court believes that a nominal payment schedule is appropriate in these circumstances. An Order reflecting as much shall be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

Entered: 03-07-2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge